## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDWARD B. HUBBUCH,<br><br>    Plaintiff,<br><br>*v.*<br><br>MULLOOLY, JEFFREY, ROONEY & FLYNN LLP,<br>AMY GAVLIK, and<br>JPMORGANCHASE BANK, N.A.,<br><br>    Defendants. | Case No.: _____<br><br><br>**COMPLAINT FOR VIOLATIONS OF<br>THE FAIR CREDIT REPORTING ACT,<br>FAIR DEBT COLLECTION PRACTICES ACT, AND<br>NEW YORK GENERAL BUSINESS LAW § 349**<br><br><br>**[TRIAL BY JURY DEMANDED]** |

## COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, FAIR DEBT COLLECTION PRACTICES ACT, AND NEW YORK GENERAL BUSINESS LAW § 349

This is a civil action for statutory, actual, punitive, declaratory, and injunctive relief arising from violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq*. ("FCRA"); the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq*. ("FDCPA"); and New York General Business Law § 349, which prohibits deceptive acts and practices in the conduct of business within the State of New York:

## I.  INTRODUCTION

1. Plaintiff Edward B. Hubbuch brings this action to redress a coordinated and unlawful scheme by Defendants MULLOOLY, JEFFREY, ROONEY & FLYNN LLP ("MJRF LLP"), MJRF LLP attorney AMY GAVLIK, and

JPMORGANCHASE BANK, N.A. ("CHASE BANK") to collect a disputed consumer debt through deception, procedural abuse, and knowing violations of federal law.

2. Rather than engage in good-faith efforts to validate or resolve the alleged obligation, Defendants MJRF LLP, AMY GAVLIK, and CHASE BANK initiated baseless litigation against Plaintiff, then ignored statutory disclosure requirements and repeatedly failed to provide federally mandated debt validation notices, and furnished materially false and incomplete information to consumer reporting agencies—all while recycling boilerplate documents to create a false appearance of legal compliance.

3. This misconduct was not accidental. It reflects a calculated effort by Defendants MJRF LLP, AMY GAVLIK, and CHASE BANK to weaponize the judicial process and credit reporting infrastructure as tools of coercion, with the ultimate goal to intimidate Plaintiff, damage his reputation, and pressure him into payment without regard for truth, fairness, or the governing mandates of the FCRA and FDCPA. As detailed herein, Defendants acted willfully, repeatedly, and in bad faith, causing concrete

harm to Plaintiff's credit, finances, and emotional well-being—and now face

liability under federal law.

4. Plaintiff asserts claims under the FCRA, FDCPA, and New York General

Business Law § 349, and seeks statutory damages, actual damages, punitive

damages, declaratory and injunctive relief, costs, and all other relief the

Court deems just and proper.

## II.  JURISDICTION AND VENUE

5.  This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and

15 U.S.C. § 1681p, and 28 U.S.C. § 1331.

6.  Venue is proper in this District under 28 U.S.C. § 1391(b) because the events

giving rise to the claims occurred in this District, and Defendants

Defendants MJRF LLP, AMY GAVLIK, and CHASE BANK conduct

business here.

## III. PARTIES

7. Plaintiff Edward B. Hubbuch is a natural person residing in Brooklyn, New York. He is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and 15 U.S.C. § 1681a(c).

8. Defendant MULLOOLY, JEFFREY, ROONEY & FLYNN LLP is a New York law firm and licensed debt collector in New York City (DCWP License #2045157), engaged in the business of collecting debts through litigation and correspondence. The firm's listed place of business is 6851 Jericho Turnpike, Suite 220, in Syosset, New York. However, MJRF LLP does not maintain a public-facing website, published attorney roster, or any transparent means of consumer engagement, apart from a vaguely branded portal reserved solely for the intake of payments. This deliberate concealment further supports Plaintiff's assertion that Defendant MJRF LLP operates not as a traditional law firm engaged in legitimate litigation, but as a bulk-processing debt collection outfit engineered to avoid consumer scrutiny and judicial accountability.

9.  Defendant AMY GAVLIK is a natural person and licensed attorney employed by Defendant MJRF LLP who, at all relevant times, acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6). On or about June 17, 2025, GAVLIK sent a collection communication to Plaintiff in connection with the debt alleged in this action, thereby personally participating in the conduct giving rise to Plaintiff's FDCPA claims asserted herein.

10. Defendant JPMORGANCHASE BANK, N.A., is a national banking association that regularly furnishes credit information and collects consumer debts, including through third-party law firms. It operates nationwide, including in New York.

## IV.  LEGAL AND FACTUAL ALLEGATIONS

### A.  State Court Litigation and Deficient Responses

11.  In or around April 2025, Defendant MJRF LLP commenced efforts on behalf
of Defendant CHASE BANK to collect an alleged consumer credit card debt
by filing a lawsuit against Plaintiff in Kings County Civil Court under the
Index No. 08994/2025. (*See **Exhibit A***). Plaintiff timely filed a Verified
Answer and, on April 24, 2025, served a formal Demand for a Bill of
Particulars pursuant to CPLR § 3042. (*See **Exhibit B***)

12.  In purported response, Defendants MJRF LLP, AMY GAVLIK, and CHASE
BANK each mailed Plaintiff packets alternately consisting of historical
monthly credit card statements and a generic, unsigned "Cardmember
Agreement." These documents bore no indicia of personal ownership or
contract formation: they lacked Plaintiff's signature or full account number,
and they failed to address Plaintiff's demand point-by-point, as required by
CPLR § 3042. (*Photos of Defendants' generic document dump are annexed
hereto as **Exhibit C***)

13. On June 17, 2025—nearly two months after Plaintiff's particulars demand, and in clear violation of the statutory 30-day deadline—Defendant MJRF LLP served Plaintiff a document titled "Response to Demand for a Bill of Particulars" on behalf of Defendant CHASE BANK. The response consisted largely of boilerplate objections and a reproduction of the same incomplete and unverified account statements and Cardmember Agreement. <u>Critically, the response failed to explain how the alleged balance of $15,892.62 was calculated, did not address the discrepancy with the reported "Interest Saving Balance" of $12,002.98, and ignored Plaintiff's specific question as to whether any portion of the balance remained subject to promotional interest terms</u>. (*A true and correct copy of Defendants' response is annexed hereto as **<u>Exhibit D</u>***)

14. Attached to the June 17, 2025, response by Defendant MJRF LLP was a verification signed by Natalia Rodriguez, identifying herself as an "Authorized Signing Officer" for Defendant CHASE BANK. In the verification, Ms. Rodriguez purports to affirm that the contents of the response are true and accurate based on her review of the underlying account. However, the verification is conclusory and offers no factual

support or documentary analysis to explain or reconcile the discrepancies raised by Plaintiff. (*A true and correct copy of the verification by Natalia Rodriguez of Defendant CHASE BANK is annexed hereto as **_Exhibit E_**)*

15. These failures mirror a broader pattern of procedural evasion by Defendants MJRF LLP, AMY GAVLIK, and CHASE BANK. Despite being the party that commenced the state court action, MJRF LLP has steadfastly refused to respond to Plaintiff's repeated emails or certified letters seeking clarification, and its NYSCEF attorney registrations lack even a basic email address. Moreover, at a June 7, 2025, motion hearing in Kings County Civil Court, the attorney appearing for MJRF LLP expressly disclaimed in open court any direct employment relationship with the firm, further reflecting internal disorganization or intentional obfuscation.

16. Rather than seeking resolution of a legitimate legal dispute, Defendants MJRF LLP, AMY GAVLIK, and CHASE BANK appear to be misusing the judicial process as a coercive mechanism—filing an unsupported lawsuit and ignoring statutory disclosure obligations in order to burden and intimidate

Plaintiff into settlement amid that litigation, all while flouting their own procedural duties under state and federal law.

## B.  Inaccurate and Misleading Credit Reporting

17. Even as Defendant CHASE BANK initiated litigation to recover the alleged balance, it simultaneously continued reporting the account to credit bureaus TransUnion, Equifax, Experian, and Innovis as "*Charged Off*," without any indication that the debt was being actively litigated or formally disputed. This tradeline—which remains inaccurately labeled at the time of this filing—is both incomplete and materially misleading, in violation of 15 U.S.C. § 1681s-2(a)(1)(B). (See *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 [9th Cir. 2009];  and *Saunders v. Branch Banking & Tr. Co*., 526 F.3d 142, 148 [4th Cir. 2008])

18. On May 30, 2025, Plaintiff sent a formal written demand to Defendants MJRF LLP and CHASE BANK, citing the Fair Credit Reporting Act and New York GBL § 349, and demanding that the tradeline be corrected to "*Closed – $0 Balance*" or removed entirely. Plaintiff warned that continued

deliberate misreporting of this tradeline by Defendant CHASE BANK to the detriment of his personal credit score would result in federal litigation.

19. Between June 13, 2025, and June 19, 2025, Plaintiff received a series of deliberately evasive and boilerplate letters from Defendant CHASE BANK that made a mockery of both state procedural rules and federal consumer protection laws. On June 10, 2025, this pattern of evasion began when CHASE BANK mailed Plaintiff two virtually identical letters falsely purporting to comply with his formal CPLR § 3042 demand for a Bill of Particulars. The letter stated: "*As you requested, we are enclosing a copy of your billing statement(s)*"—a blatant misrepresentation, as Plaintiff had never requested billing statements, but had rather demanded a detailed, itemized response to specific factual and legal questions regarding the alleged debt. (*See **Exhibit F***). Also enclosed were the same generic, unsigned documents already sent weeks earlier—completely unresponsive to the demand and devoid of any legal or evidentiary value.

20. Then, between June 17, 2025, and June 19, 2025, Plaintiff separately received three identical letters from Defendant CHASE BANK, each

robotically asserting that "*our reporting of your account is accurate*." (*See*

**_Exhibit G_**). None of these letters acknowledged the pending litigation

initiated by Defendant MJRF LLP, addressed the substantial discrepancies

raised by Plaintiff, or even mentioned the detailed written dispute sent on

May 30, 2025.

21. This string of superficial, duplicative, and bad-faith communications

underscores Defendant CHASE BANK's wholesale failure to conduct the

"reasonable reinvestigation" required under 15 U.S.C. § 1681s-2(b). Instead

of investigating, the bank merely parroted canned language and recycled

documents in a transparent attempt to stonewall and intimidate Plaintiff.

Courts across the country have repeatedly condemned such conduct as

willfully noncompliant with the FCRA. (See *Cushman v. Trans Union Corp*.,

115 F.3d 220, 225 [3d Cir. 1997]; *Dennis v. BEH-1, LLC*, 520 F.3d 1066,

1071–72 [9th Cir. 2008]; and *Gorman*, 584 F.3d at 1154–55])

## C.  **FDCPA Violations and Improper Collection Conduct**

22. On or about June 17, 2025, Defendant AMY GAVLIK, an attorney with

Defendant MJRF LLP, sent Plaintiff a debt collection letter regarding the

alleged account. This was MJRF LLP's first written communication with Plaintiff apart from the initial court summons. (*A true and correct copy is annexed hereto as __Exhibit H__*)

23. The letter from Defendant AMY GAVLIK failed to include the required validation notice mandated by 15 U.S.C. § 1692g(a). It did not advise Plaintiff of his right to dispute the debt within thirty (30) days, nor did GAVLIK's letter state that verification of the debt would be provided upon request. This omission constitutes a *per se* violation of the FDCPA. (See *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 [2d Cir. 1996]; and *Papetti v. Does 1-25*, 691 F. App'x 24, 26 [2d Cir. 2017])

24. As an attorney engaged in debt collection on behalf of CHASE BANK, Defendant AMY GAVLIK of Defendant MJRF LLP was acting as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), and was therefore subject to the Act's full set of disclosure and conduct requirements.

25. Instead of complying with those duties, however, Defendant AMY GAVLIK of Defendant MJRF LLP treated the matter as resolved despite the still-active litigation in Kings County Civil Court, and GAVLIK instructed

Plaintiff to contact a specific non-attorney "debt collector"—identified in the letter as "Michael Pasco"—to "*arrange payment of the account*." This clear and deliberate attempt to bypass the court and resolve the matter extrajudicially against a *pro se* defendant was deceptive, coercive, and unlawful, in violation of 15 U.S.C. §§ 1692e and 1692f. (See <u>*Clomon v. Jackson*</u>, 988 F.2d 1314, 1319 [2d Cir. 1993]).

### D.  <u>Pattern of Procedural Misconduct Across Legal Domains</u>

26.  Defendants MJRF LLP, AMY GAVLIK, and CHASE BANK engaged in a coordinated pattern of bad-faith procedural misconduct by recycling the same generic and legally meaningless documents in response to three distinct and legally significant events: (1) Plaintiff's April 24, 2025, Demand for a Bill of Particulars under CPLR § 3042; (2) Plaintiff's formal FCRA dispute letter mailed in May 2025; and (3) GAVLIK's June 17, 2025 communication governed by the FDCPA.

27.  This triad of events reveals not mere negligence but a deliberate strategy of procedural mimicry and obfuscation, wherein Defendants MJRF LLP, AMY

GAVLIK, and CHASE BANK falsely appeared to comply with state and federal legal obligations while actively evading them.

28. Rather than conduct any legitimate investigation, legal analysis, or account-level review, Defendants MJRF LLP, AMY GAVLIK, and CHASE BANK relied on the wholesale regurgitation of preexisting billing statements and a generic, unsigned Cardmember Agreement that lacks Plaintiff's signature or identifying information and, in the case of the agreement, also lacks Plaintiff's name. Courts across the country have made clear that such superficial and recycled document production does not satisfy the requirements of either the FCRA or the FDCPA. (See *Cushman*, 115 F.3d at 225; and *Russell*, 74 F.3d at 34.)

29. As of the filing of this Complaint, Defendant CHASE BANK continues to willfully report the tradeline in dispute as "*Charged Off*," without flagging it as disputed or referencing the active litigation and repeated formal objections. Despite being placed on written notice of Plaintiff's dispute months earlier, CHASE BANK has refused to conduct a good-faith

reinvestigation, disclose its sources of information, or amend the inaccurate record—all in violation of 15 U.S.C. § 1681s-2(b).

30. Taken together, the acts and omissions of Defendants MJRF LLP, AMY GAVLIK, and CHASE BANK reflect a systemic abuse of process: weaponizing the court system and federal credit reporting infrastructure not to resolve a valid claim, but to coerce informal settlement through intimidation, reputational damage, and procedural attrition.

31. As a direct and proximate result of this misconduct by Defendants MJRF LLP, AMY GAVLIK, and CHASE BANK, Plaintiff has suffered concrete and measurable harm, including reputational injury, diminished creditworthiness, inability to access financial products, and significant emotional distress. These injuries are fully cognizable under both the FDCPA and FCRA. (See *Guimond v. Trans Union Credit Info. Co*., 45 F.3d 1329, 1333 [9th Cir. 1995]; *Tourgeman v. Collins Fin. Servs*., 755 F.3d 1109, 1116–17 [9th Cir. 2014]; and *Baker v. G.C. Servs. Corp*., 677 F.2d 775, 780 [9th Cir. 1982])

32. The conduct of Defendants MJRF LLP, AMY GAVLIK, and CHASE BANK

   was not only reckless but willful, entitling Plaintiff to statutory, actual, and

   punitive damages under 15 U.S.C. §§ 1681n, 1681o, and 1692k.

## <u>V.  CLAIMS FOR RELIEF</u>

### COUNT ONE – VIOLATIONS OF THE FCRA
### (Against Chase Bank)
### 15 U.S.C. §§ 1681s-2(a)(1)(B), 1681s-2(b)

33. Plaintiff repeats and realleges all preceding paragraphs as if fully set forth
herein.

34. Defendant CHASE BANK willfully and repeatedly violated the Fair Credit
Reporting Act by furnishing false, incomplete, and materially misleading
credit information to consumer reporting agencies and then failing to take
corrective action after receiving explicit notice of the disputed status of the
account. Specific violations include:

- **Knowingly furnishing inaccurate tradeline data by reporting the
  account as "*Charged Off*" while simultaneously pursuing full
  recovery through ongoing state court litigation—misleadingly
  portraying the debt as resolved when it was actively contested—in
  violation of 15 U.S.C. § 1681s-2(a)(1)(B);**

- **Failing to mark the account as "*Disputed*" or otherwise disclose
  that the balance was the subject of formal litigation and a pending
  FCRA dispute;**

- **Refusing to conduct a reasonable reinvestigation of the tradeline
  after receiving Plaintiff's May 30, 2025, written dispute, in direct
  violation of 15 U.S.C. § 1681s-2(b), and in contravention of
  obligations recognized by courts in *<u>Cushman</u>*, and related
  authority;**

- **Failing to promptly modify, delete, or block the inaccurate tradeline information with all consumer reporting agencies after completing its purported reinvestigation, in violation of 15 U.S.C. § 1681s-2(b)(1)(D);**

- **Responding with five identical or virtually identical form letters that did not even acknowledge the legal issues raised—further evidencing the absence of any meaningful reinvestigation or consumer-specific review;** and

- **Willfully causing Plaintiff measurable harm, including reputational damage, impaired credit access, financial instability, and emotional distress.**

35. Plaintiff is entitled to statutory damages under 15 U.S.C. § 1681n(a)(1)(A) for willful noncompliance; actual damages for emotional distress, reputational harm, and diminished creditworthiness under § 1681o(a)(1); punitive damages for reckless and deliberate disregard under § 1681n(a)(2); the costs of this action under § 1681n(a)(3) and § 1681o(a)(2); and all other relief the Court deems just and proper pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT TWO – VIOLATIONS OF THE FDCPA
### (Against MJRF LLP and Amy Gavlik)
### 15 U.S.C. §§ 1692e, 1692f, 1692g(a)

36. Plaintiff repeats and realleges all preceding paragraphs as if fully set forth herein.

37. Defendants MJRF LLP and AMY GAVLIK, acting as debt collectors within the meaning of the FDCPA, engaged in deceptive, unfair, and unlawful collection practices in connection with their efforts to extract payment from Plaintiff. Their violations include, but are not limited to:

- **Failing to include the validation notice required under 15 U.S.C. § 1692g(a) in Defendant AMY GAVLIK's June 17, 2025, letter—the first written communication with Plaintiff apart from the summons—thereby constituting a *per se* violation of the statute;**

- **Misrepresenting the character and legal status of the alleged debt by demanding that Plaintiff contact a non-attorney "debt collector" to "arrange payment" despite the pendency of litigation, in violation of 15 U.S.C. § 1692e;**

- **Employing deceptive and coercive collection tactics—designed to confuse and pressure a *pro se* litigant outside the proper judicial forum—in violation of 15 U.S.C. § 1692f; and**

- **Failing to meaningfully respond to Plaintiff's litigation demands, and maintaining deliberately inaccessible channels of communication, further violating both the letter and spirit of the FDCPA.**

38. Plaintiff is entitled to recover statutory damages under 15 U.S.C. § 1692k(a)
(2); actual damages resulting from emotional distress, confusion, and lost
time; the costs of this action under § 1692k(a)(3); and any other relief the
Court deems just and proper under the FDCPA.

## COUNT THREE – VIOLATIONS OF
## NEW YORK GENERAL BUSINESS LAW § 349
### (Against All Defendants)

39. Plaintiff repeats and realleges all preceding paragraphs as if fully set forth herein.

40. Defendants MJRF LLP, AMY GAVLIK, and CHASE BANK have engaged in deceptive and materially misleading business practices in violation of New York General Business Law § 349, which prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state."

41. The misconduct alleged herein—comprising deceptive debt collection, misleading credit reporting, and fraudulent misrepresentations of compliance with legal obligations—was consumer-oriented, impacted the public, and was likely to mislead a reasonable consumer. Specific acts include:

- **Misrepresenting the legal status of an allegedly *"Charged Off"* account simultaneously the subject of active litigation, thereby misleading credit bureaus, lenders, and third parties;**

- **Purporting to comply with a statutorily authorized CPLR § 3042 demand while knowingly withholding responsive or relevant information, and falsely asserting that billing statements satisfied such demand;**

- **Failing to provide legally mandated debt validation disclosures under the FDCPA, while issuing communications intended to coerce payment through intimidation and legal confusion;** and

- **Recycling form documents and canned responses across multiple legal contexts—including state litigation, credit reporting disputes, and debt collection communications—designed to mislead and deflect consumer inquiries without actual investigation or resolution.**

42. These acts were not isolated but part of a sustained and deliberate strategy to coerce settlement, avoid liability, and obstruct Plaintiff's rights under state and federal law. The misconduct by Defendants MJRF LLP, AMY GAVLIK, and CHASE BANK directly harmed Plaintiff and placed other similarly situated New York consumers at risk of comparable harm.

43. As a result of these deceptive and unlawful practices, Plaintiff has suffered actual damages including reputational injury, diminished access to credit, financial harm, and emotional distress.

44. Plaintiff is entitled to actual damages pursuant to GBL § 349(h); statutory damages of $50 for each violation, and treble damages up to $1,000 for willful or knowing violations; reasonable legal costs under GBL § 349(h); and any other relief the Court deems just and proper.

## VI.  PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Edward B. Hubbuch respectfully requests that this Court enter judgment in his favor and against Defendants MULLOOLY, JEFFREY, ROONEY & FLYNN LLP, AMY GAVLIK, and JPMORGANCHASE BANK, N.A., jointly and severally, and award the following relief:

(a)  **Statutory damages pursuant to 15 U.S.C. § 1692k and 15 U.S.C. § 1681n for Defendants' willful violations of the FDCPA and FCRA;**

(b)  **Actual damages pursuant to 15 U.S.C. §§ 1692k(a)(1) and 1681o(a)(1), and N.Y. GBL § 349(h), for emotional distress, reputational harm, diminished credit access, and other concrete injuries proximately caused by Defendants' misconduct;**

(c)  **Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2) and GBL § 349(h) for willful and knowing violations of federal and state law;**

(d)  **Declaratory relief pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, declaring that:**

- *Defendants violated the Fair Credit Reporting Act and Fair Debt Collection Practices Act;*

- *The credit tradeline furnished by CHASE BANK is materially inaccurate and misleading, and was not corrected or deleted following a deficient reinvestigation, in violation of 15 U.S.C. § 1681s-2(b)(1)(D); and*

- *The June 17, 2025 collection letter issued by Defendants MJRF LLP and AMY GAVLIK violated 15 U.S.C. § 1692g(a) and related provisions;*

**(e)** **Injunctive relief, including: (1) an order compelling CHASE BANK to permanently correct, update, or remove the disputed tradeline from all consumer reporting agencies to which it was furnished, in compliance with 15 U.S.C. § 1681s-2(b)(1)(D); and (2) an order restraining all Defendants from engaging in further unlawful debt collection or credit reporting activity related to the account at issue;;**

**(f)** **Costs of this action, including filing fees and out-of-pocket litigation expenses, pursuant to 15 U.S.C. §§ 1692k(a)(3), 1681n(a)(3), 1681o(a)(2), N.Y. GBL § 349(h), and Rule 54(d) of the Federal Rules of Civil Procedure;**

**(g)** **Pre-judgment and post-judgment interest as allowed by law;** and

**(h)** **Any other and further relief that the Court deems just, equitable, and proper under the circumstances..**

Plaintiff demands a trial by jury on all issues so triable.

Dated: July 2, 2025
New York, New York

Respectfully submitted,

EDWARD B. HUBBUCH
394 Lincoln Place #A5
Brooklyn, N.Y. 11238
bhubbuch@gmail.com
(646) 544-7597

*Pro se*