UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDWARD B. HUBBUCH,<br><br>　　　　Plaintiff,<br><br>v.<br><br>MULLOOLY, JEFFREY, ROONEY & FLYNN LLP,<br>AMY GAVLIK, and<br>JPMORGANCHASE BANK, N.A.,<br><br>　　　　Defendants. | Case No.: 25-cv-05547-JHR-BCM<br><br>**PLAINTIFF'S MOTION<br>FOR DEFAULT JUDGMENT<br>AGAINST DEFENDANT<br>MULLOOLY, JEFFREY, ROONEY<br>& FLYNN LLP** |

**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST
DEFENDANT MULLOOLY, JEFFREY, ROONEY & FLYNN LLP**

Plaintiff Edward B. Hubbuch, appearing *pro se* in the above-captioned matter, respectfully moves this Court for the entry of a default judgment against Defendant MULLOOLY, JEFFREY, ROONEY & FLYNN LLP ("MJRF LLP") pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. In support of this motion, Plaintiff states as follows:

### I. FACTUAL AND PROCEDURAL BACKGROUND

1. Plaintiff Edward B. Hubbuch commenced this action on July 2, 2025, asserting claims under the Fair Debt Collection Practices Act ("FDCPA"), the Fair Credit Reporting Act ("FCRA"), and New York General Business Law § 349, among other statutory and common law theories. (*Dkt. 1*). The Complaint alleges a sustained pattern of deceptive, coercive, and unlawful conduct by Defendant MJRF LLP, including the issuance of misleading collection communications, improper third-party referrals during active

litigation, and the continued dissemination of false credit information—all of which caused substantial harm to Plaintiff and pose a broader risk to the public.

2. Defendant MJRF LLP is not a conventional law firm in any sense of the term. It operates as a high-volume debt collection entity based in Syosset, New York, filing thousands of lawsuits annually against vulnerable individuals, often without meaningful oversight or transparency. It maintains no public-facing website, conceals the identities of its attorneys, and offers only a payment portal to the public instead of an informational website. Despite initiating litigation against Plaintiff in Kings County Civil Court, MJRF LLP has never responded to any written or electronic communication from Plaintiff, and its conduct suggests a deliberate strategy of procedural evasion designed to avoid scrutiny and suppress discovery.

3. Plaintiff has strong reason to believe that MJRF LLP's practices are not isolated, but part of a broader pattern of unlawful conduct affecting thousands of individuals—potentially rising to the level of a class-wide harm. The firm's refusal to engage in this litigation, despite being the original aggressor against Plaintiff, reflects a calculated effort to default strategically and prevent Plaintiff from uncovering the full scope of its abusive operations.

4. Defendant MJRF LLP was properly served on July 15, 2025, via the New York Secretary of State in accordance with CPLR § 306 and Federal Rule of Civil Procedure 4(h)(1)(A). (*Dkt. 8*). Service through the Secretary of State constitutes valid and effective service on a domestic LLP under both state and federal law, and MJRF LLP is presumed to have received actual notice shortly thereafter.

5. Under Rule 12(a)(1)(A)(i) of the Federal Rules of Civil Procedure, Defendant MJRF LLP was required to answer or otherwise respond to the Complaint within 21 days of service—i.e., by August 5, 2025. That deadline passed without any appearance, answer, or motion from Defendant. Plaintiff, acting diligently and in accordance with Rule 55(a), filed a Declaration on August 6, 2025, requesting that the Clerk enter MJRF LLP's default. The Clerk then issued a Certificate of Default on August 7, 2025. (*Dkt. 22*).

6. Notably, Defendant MJRF LLP did not retain counsel until on or about August 7, 2025—mere hours before the Clerk entered default—and submitted a letter to the Court (*Dkt. 19*) asserting that the firm believed it had 30 days to respond under state law. This assertion is legally incorrect and irrelevant in federal court, where the Federal Rules of Civil Procedure govern deadlines. More notably, MJRF LLP's letter did not request an extension, did not seek leave to file out of time, and did not move to vacate the default. As of the date of this filing, MJRF LLP has still not filed any responsive pleading, motion, or application to cure its procedural default.

7. Defendant MJRF LLP's failure to appear within the prescribed time, coupled with its post-default attempt to retroactively justify its non-compliance, reflects a willful disregard for the rules governing this Court. This conduct is especially prejudicial to Plaintiff, who is proceeding *pro se* and has expended significant time, energy, and emotional resources to pursue this action in good faith. Plaintiff has complied with all procedural requirements and has taken timely and appropriate steps to secure default judgment. The burden of navigating complex litigation without counsel or formal legal training is substantial, and MJRF LLP's strategic silence and procedural evasion only compound that burden.

8. Moreover, allowing a veteran, well-resourced law firm—or, more appropriately in the case of Defendant MJRF LLP, a "lawsuit mill" masquerading as a law firm—to flout federal deadlines without consequence would send a dangerous signal to similarly situated defendants: that procedural rules are optional and delay tactics will be tolerated in the Southern District. Such a result would undermine the credibility of the judicial process and erode public confidence in the fair administration of justice. The record is clear: MJRF LLP was served, failed to respond, and remains in default. The Court should not permit this conduct to go unchecked.

## II.  LEGAL STANDARD

9.  Federal Rule of Civil Procedure 55(b)(2) authorizes the Court to enter a default judgment against a party that has failed to plead or otherwise defend, provided that default has been formally entered by the Clerk. This rule serves as a vital enforcement mechanism to preserve the integrity of judicial proceedings and ensure that parties who disregard their procedural obligations do not evade accountability.

10. Once default is entered, the Court must accept as true all well-pleaded factual allegations in the Complaint, except those relating to the amount of damages. This principle is firmly established in the Second Circuit. (See *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 [2d Cir. 1992]; and *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 108 [2d Cir. 1997]), which emphasized that the factual allegations in the complaint, once uncontested, form the basis for liability.

11. The decision to grant default judgment lies within the sound discretion of the district court. In exercising this discretion, courts in the Second Circuit typically assess whether the defendant's default was willful, whether the plaintiff has been prejudiced by the delay, whether the defendant has presented any meritorious defense, and whether the complaint's allegations are legally sufficient to support the requested relief. Courts also consider the public interest in deterring dilatory or obstructive litigation conduct. These factors were articulated in *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 129 (2d Cir. 2011), and *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95–96 (2d Cir. 1993), both of which underscore the Court's broad authority to enter judgment where a defendant has failed to engage with the litigation process.

12. Default judgment is particularly appropriate where, as here, the defendant has been properly served, has failed to respond within the time prescribed by Rule 12(a), and has made no meaningful effort to cure the default or participate in the litigation. Courts in this District routinely grant default judgment under such circumstances to preserve judicial efficiency and protect plaintiffs from procedural gamesmanship. (See <u>Indymac Bank v. Nat'l Settlement Agency, Inc</u>., No. 07-cv-6865 [LTS][GWG], 2009).

13. In this case, Defendant MJRF LLP's default is not merely procedural—it is emblematic of a broader pattern of strategic evasion. MJRF LLP is a high-volume debt collection entity that files thousands of lawsuits annually, often against vulnerable individuals, while concealing its operations behind a payment portal and anonymous legal representation. Its refusal to respond to Plaintiff's communications, despite initiating litigation in state court, and its failure to engage meaningfully in this federal action, reflect a calculated effort to avoid discovery and judicial scrutiny.

14. Defendant MJRF LLP's conduct is especially troubling given the scale of its operations and the opacity with which it conducts them. Plaintiff has strong reason to believe that MJRF LLP's practices are not only systemic, but unlawful on a potentially vast, class-wide basis—affecting likely thousands or even tens of thousands of similarly situated individuals who may have been subjected to the same coercive and deceptive tactics.

15. Defendant MJRF LLP's default in this case appears designed to prevent Plaintiff from uncovering the extent of its abusive tactics—tactics that may have harmed countless others. Allowing such behavior to go unchecked would not only prejudice Plaintiff, who is proceeding *pro se* and has complied with all procedural requirements, but would also undermine the credibility of the judicial process itself.

16. In sum, Defendant MJRF LLP's failure to respond or move to vacate the default—despite having actual notice and retaining counsel—constitutes a willful abandonment of its procedural obligations. The Court is empowered, and indeed compelled, to enter judgment in favor of Plaintiff to vindicate the rule of law, deter future misconduct, and ensure that entities like MJRF LLP are not permitted to exploit the judicial system through silence and evasion.

## III. ARGUMENT

17. Defendant MJRF LLP was properly served and failed to answer or otherwise respond within the 21-day period mandated by Rule 12(a)(1)(A)(i) of the Federal Rules of Civil Procedure. The Clerk's Certificate of Default was duly entered on August 7, 2025, confirming MJRF LLP's procedural default. Despite having actual notice of this action and retaining counsel prior to the entry of default, MJRF LLP has offered no valid legal justification for its failure to appear or defend. As of the date of this filing, the firm has not moved to vacate the default, has not filed a responsive pleading, and has not sought leave to participate in this litigation. This conduct reflects not mere oversight, but a calculated and willful disregard for the authority of this Court and the procedural rules that govern it.

18. Defendant MJRF LLP's default is not an isolated lapse—it is consistent with its broader pattern of strategic evasion and institutional opacity. Operating as a high-volume debt collection entity based in Syosset, New York, MJRF LLP files thousands of lawsuits annually against often-vulnerable individuals, all while concealing its legal personnel, maintaining no public-facing website, and refusing to engage in good-faith communication. Its silence in this case is not passive; it is tactical. Plaintiff has strong reason to believe that MJRF LLP's refusal to respond is designed to avoid discovery and prevent exposure of systemic misconduct that may implicate thousands or even tens of thousands of similarly situated consumers.

19. The consequences of default are clear and well-established: all well-pleaded factual allegations in the Complaint must be accepted as true, except those relating to damages. (See _Greyhound Exhibitgroup, Inc_.) Plaintiff's allegations are not only well-pleaded—

they are detailed, specific, and supported by documentary evidence. Taken as true, they establish a pattern of egregious misconduct by Defendant MJRF LLP that violates multiple consumer protection statutes and implicates broader public interests.

20. Specifically, Plaintiff has alleged that MJRF LLP:

    - **Violated the FDCPA by issuing a deceptive collection letter that omitted required validation notices, thereby depriving Plaintiff of his statutory right to dispute the debt;**

    - **Referred Plaintiff to a non-attorney third-party collector during active litigation, in violation of ethical and statutory boundaries governing debt collection practices;**

    - **Misrepresented the nature and amount of the alleged debt in ongoing litigation, while simultaneously reporting it as "*charged off*" to credit reporting agencies—an act that compounded reputational harm and created a false public record;** and

    - **Engaged in materially deceptive conduct in violation of New York General Business Law § 349, with consequences that extended beyond Plaintiff to the broader consumer public.**

21. These violations were not isolated or technical—they were deliberate, repeated, and coercive. MJRF LLP weaponized procedural ambiguity and exploited its status as a law firm to intimidate, mislead, and suppress accountability. The harm to Plaintiff is substantial, encompassing emotional distress, reputational damage, and the loss of time and resources required to defend against unlawful tactics. The harm to the public is equally grave, as MJRF LLP's practices undermine the transparency and fairness of debt collection and credit reporting systems.

22. Courts in this District have recognized the importance of deterring such conduct through the imposition of damages. In <u>Stinson v. Houslanger & Associates PLLC</u>, No. 18-cv-11350 (S.D.N.Y. Sept. 28, 2021), the court found that the defendants' filing of time-

barred lawsuits and misrepresentation of debt status supported liability under both the FDCPA and GBL § 349, emphasizing the consumer-oriented nature of the misconduct and its broader impact on the public. Similarly, in *Calixto v. Balsamo & Rosenblatt, P.C.*, No. 18-cv-4675 (E.D.N.Y.), the defendants conceded liability under the FDCPA for deceptive collection practices, and the court acknowledged the plaintiff's right to pursue damages under GBL § 349 for consumer-oriented misconduct.

23. This case is readily distinguishable from those where courts declined to award damages under GBL § 349 due to the absence of consumer-oriented conduct or broader public harm. Courts have consistently held that § 349 does not apply to purely private disputes or bespoke transactions. By contrast, Plaintiff here has alleged—and Defendant MJRF LLP has admitted by default—a pattern of deceptive practices that include misleading debt collection communications, improper credit reporting, and the use of non-attorney agents to pursue litigation. These acts are not confined to Plaintiff alone; they reflect systemic tactics that threaten the integrity of consumer protection frameworks and have the potential to mislead and harm countless others. The public interest in deterring such conduct is substantial and well-supported by precedent.

24. Although GBL § 349(h) does not use the term "*punitive damages*," it authorizes treble damages where the defendant's conduct was willful or knowing. The New York Court of Appeals has affirmed that this provision serves a punitive function and is intended to deter repeat violations and protect the consuming public. (See *Karlin v. IVF America, Inc.*, 93 N.Y.2d 282, 292 [1999] [noting that treble damages under § 349(h) are punitive in nature and designed to deter future misconduct]).

25. In light of Defendant MJRF LLP's default, the Court is not only authorized but compelled to enter judgment in favor of Plaintiff. The admitted allegations support the imposition of statutory damages under the FDCPA, actual damages for emotional and reputational harm, and punitive damages under GBL § 349(h) to deter future misconduct. MJRF LLP's deliberate refusal to engage with this litigation, despite clear notice and opportunity, leaves the Court with no alternative but to grant full relief as requested.

## IV. RELIEF REQUESTED

26. Plaintiff respectfully requests that the Court enter judgment against Defendant MULLOOLY, JEFFREY, ROONEY & FLYNN LLP and award the following relief:

   (a) **Statutory Damages under the FDCPA Pursuant to 15 U.S.C. § 1692k(a)(2) (A)**: *Plaintiff seeks the maximum statutory damages of $1,000, which courts may award for any violation of the FDCPA, regardless of actual harm;*

   (b) **Actual Damages for Emotional Distress, Reputational Harm, and Lost Time**: *Plaintiff seeks $75,000 in actual damages, supported by the nature, scale, and persistence of Defendant's misconduct. Courts have awarded comparable or greater sums in FDCPA cases involving emotional distress and reputational injury, particularly where the defendant's conduct was coercive, deceptive, and sustained;*

   (c) **Punitive Damages under New York General Business Law § 349(h)**: *Plaintiff seeks $225,000 in punitive damages, representing treble damages as permitted under GBL §349(h) for willful and knowing violations. The New York Court of Appeals has affirmed that this provision serves a punitive function and is intended to deter repeat violations and protect the consuming public. (See <u>Karlin</u>; and <u>Hobish v. AXA Equitable Life Ins. Co</u>., 2025 N.Y. Slip Op. 00183);*

   (d) **Costs Pursuant to Fed. R. Civ. P. 54(d)**: *Plaintiff requests reimbursement of all filing fees, service costs, and other pro se expenses incurred in prosecuting this action.*

   **(e) Declaratory and Injunctive Relief**: *Plaintiff requests that the Court declare Defendant MJRF LLP's conduct unlawful under the FDCPA and GBL §349, and enjoin Defendant from engaging in further deceptive collection or credit reporting practices;* and

   (f) *Such other relief as the Court deems just and proper, including any additional equitable or compensatory relief necessary to fully redress the harm caused by Defendant MJRF LLP's conduct, and to prevent further abuse of vulnerable consumers through systemic litigation tactics.*

## V. CONCLUSION

27. For the foregoing reasons, and given Defendant MJRF LLP's failure to appear, plead, or otherwise defend in this action, Plaintiff respectfully requests that the Court enter default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. Defendant's default has impeded the orderly progression of this case and deprived Plaintiff of a timely resolution.

28. Moreover, Defendant MJRF LLP's conduct reflects a broader pattern of strategic evasion and procedural abuse, consistent with its operation as a high-volume lawsuit mill targeting vulnerable consumers. Its refusal to engage with this litigation not only frustrates Plaintiff's individual rights, but also undermines the integrity of the judicial process and the public's confidence in fair adjudication. Entry of judgment is therefore necessary not only to redress the harm suffered by Plaintiff, but to deter further misconduct and reaffirm the Court's commitment to procedural justice.

Dated: August 7, 2025
Brooklyn, New York

                                                    Respectfully submitted,

EDWARD B. HUBBUCH
394 Lincoln Place #A5
Brooklyn, New York 11238
bhubbuch@gmail.com
(646) 544-7597

*Pro se*

TO:    ROBERT LOUIS ARLEO, Esq.
         Robert L. Arleo, ESQ., P.C.
         1345 Avenue of the Americas, 2nd Floor
         New York, New York 10105
         robertarleo@gmail.com
         (212) 551-1115

         *Attorney for Defendant MJRF LLP*


         RYAN SIRIANNI, Esq.
         Greenberg Traurig, LLP
         900 Stewart Avenue, 5th Floor
         Garden City, New York 11530
         ryan.sirianni@gtlaw.com
         (212) 801-6789

         *Attorney for Defendant JPMorganChase Bank, N.A.*