UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EDWARD B. HUBBUCH,

        Plaintiff,

   -against-

MULLOOLY, JEFFREY, ROONEY & FLYNN LLP et al.,

        Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/13/2025

25-CV-5547 (JHR) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

    Plaintiff Edward B. Hubbuch, proceeding pro se, commenced this action on July 2, 2025, against a law firm, Mullooly, Jeffrey, Rooney & Flynn LLP (MJRF); a lawyer, Amy Gavlik; and a bank, JP Morgan Chase Bank, N.A. (Chase). Plaintiff alleges that defendants violated the Fair Credit Reporting Act, the Fair Debt Collection Practices Act (FDCPA), and state law, in connection with a collection action that Chase (represented by MJRF) filed against plaintiff in state court earlier this year. Specifically, plaintiff alleges that defendants provided untimely and insufficient responses to plaintiff's demand for a bill of particulars, *see* Compl. (Dkt. 1) ¶¶ 11-14, 19-20, and failed to respond to his requests for clarification. *Id.* ¶ 15. Plaintiff further alleges that Chase reported his account to credit bureaus as "charged off," without "any indication that the debt was being actively litigated or formally disputed," *id.* ¶ 17, and refused to correct that tradeline despite demand from plaintiff. *Id.* ¶¶ 18, 29. Plaintiff adds that MJRF sent him a "debt collection letter" on June 17, 2025, signed by Gavlik, that did not comply with the FDCPA. *Id.* ¶¶ 22-23. Taken together, plaintiff alleges, these acts "reflect a systemic abuse of process: weaponizing the court system and federal credit reporting infrastructure not to resolve a valid claim, but to coerce informal settlement through intimidation, reputational damage, and procedural attrition." *Id.* ¶ 30.

Insofar as can be gleaned from the Complaint, the state court lawsuit remains pending and unresolved.

### Service and Appearances

In this action, MJRF was served with process on July 15, 2025 (Dkt. 8), making its answer or other response to the Complaint due August 5, 2025. *See* Fed. R. Civ. P. 12(a)(1)(A)(i) ("A defendant must serve an answer . . . within 21 days after being served with the summons and complaint."). Gavlik was served on July 18, 2025 (Dkt. 13), making her answer due August 8, 2025. Chase was served on July 22, 2025 (Dkt. 12), making its answer due August 12, 2025. However, on consent of the parties, the Court extended Chase's time to respond to the Complaint to September 11, 2025. (Dkt. 29.)

At 2:09 p.m. on August 7, 2025 – two days after MJRF's answer was due – attorney Robert Arleo filed a notice of appearance on its behalf (Dkt. 18), followed by a letter "in opposition to the attempt by the Plaintiff to obtain a default judgment against MJRF[.]" (Dkt. 19.) In the letter, attorney Arleo identified himself as counsel for both MJRF and Gavlik, and asserted (mistakenly) that MJRF had "30 days" from the date of service to respond to the Complaint.[1]

---

[1] MJRF relies on *Robles v. Lambsbreath LLC*, 2025 WL 1151119, at *1 (S.D.N.Y. Mar. 6, 2025), *adopted*, 2025 WL 1150711 (S.D.N.Y. Apr. 18, 2025), for the proposition that when a corporation is served through the Secretary of State it has 30 days to respond to the complaint pursuant to N.Y. CPLR § 3012(c). However, the portion of *Robles* upon which MJRF relies is *dicta*, in that the plaintiff in that case did not seek a default judgment until defendant obtained a negotiated extension of its time to respond to the complaint, and then failed to respond on the extended date. *Id*. Moreover, *Robles* is an outlier. Rule 12(a)(1)(A), which controls the timing of responsive pleadings in this Court, makes no distinction between service upon the Secretary of State and other forms of service. *See*, *e.g.*, *Acceptance Indem. Ins. Co. v. Crammer OConner Fiber Genesis*, 2022 WL 14058786, at *1 (E.D.N.Y. Oct. 24, 2022); *Reyes v. Lincoln Deli Grocery Corp.*, 2018 WL 2722455, at *2 (S.D.N.Y. June 5, 2018), *order clarified on other grounds,* 2018 WL 3105070 (S.D.N.Y. June 25, 2018); *Biberman v. 150 RFT Varick Corp.*, 2017 WL 11638666, at *1 (S.D.N.Y. Feb. 13, 2017).

### **Plaintiff's Motion for a Default Judgment**

At 3:37 p.m. on August 7, 2025, plaintiff (who is an electronic filer, *see* Dkt. 10) requested a certificate of default as to defendant MJRF (Dkts. 20, 21), which the Clerk issued at 3:43 p.m. the same day (Dkt. 22). At 10:33 p.m. that night, plaintiff filed a motion for a default judgment against MJRF, seeking $1,000 in statutory damages and $75,000 in actual damages under FDCPA, $225,000 in punitive damages under state law, costs, and declaratory relief. (Dkt. 23.)

### **Defendants' Motion to Dismiss**

On August 8, 2025, defendants MJRF and Gavlik filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) (Dkt. 27), arguing that plaintiff lacks Article III standing to sue, in that he has not alleged any "concrete injury" flowing from defendants' alleged violations of FDCPA and state law. (Dkt. 28 at 2-8.) On August 10, 2025, plaintiff filed an affirmation in opposition to the motion to dismiss insofar as it was filed on behalf of MJRF. (Dkt. 30.) On August 11, 2025, MJRF filed a notice of withdrawal of its motion to dismiss, reserving "the right to refile the said motion upon the vacation of the Clerk's certificate of default," and noting that defendant Gavlik "retains that portion of the motion to dismiss as it relates to her." (Dkt. 31.)

### **MJRF's Motion to Vacate the Default**

On August 12, 2025, MJRF filed a motion to vacate the certificate of default pursuant to Fed. R. Civ. P. 55(c) (Dkts. 33-34), together with its opposition to plaintiff's default judgment motion (Dkt. 35). MJRF argues, among other things, that its default was not willful; that its brief delay in responding to the Complaint did not prejudice plaintiff (who voluntarily granted an extension to co-defendant Chase); and that it has meritorious defenses to plaintiff's claims, as outlined in its (now-withdrawn) motion to dismiss.) (Dkt. 34 at 3-6.)

**Schedule Going Forward**

In the interest of efficient resolution of the parties' dispute, including the pending motions, it is hereby ORDERED:

1. Before any additional time or effort is expended on plaintiff's default motion and MJRF's motion to vacate the default, plaintiff and MJRF must meet and confer in good faith in an effort to resolve those motions without further litigation. The parties are reminded that default judgments are disfavored and that this Court, like all courts within the Second Circuit, prefers "that litigation disputes be resolved on the merits, not by default." *Cody v. Mello*, 59 F.3d 13, 15 (2d Cir. 1995); *accord Brien v. Kullman Indus, Inc.*, 71 F.3d 1073, 1077 (2d Cir. 1995). Thus, in ruling on a motion to vacate a default judgment, "all doubts must be resolved in favor of the party seeking relief." *New York v. Green*, 420 F.3d 99, 104 (2d Cir 2005).

2. If the parties cannot resolve the default motion and the motion to vacate the default through negotiation, plaintiff's reply memorandum with respect to its default motion, as well as its memorandum in opposition to the motion to vacate the default, will be due **August 20, 2025**. MJRF's reply memorandum with respect to the motion to vacate will be due **August 27, 2025**.

3. Likewise, plaintiff's memorandum with respect to defendant Gavlik's motion to dismiss is due **August 20, 2025**. Plaintiff's reply memorandum with respect to that motion is due **August 27, 2025.**

Dated: New York, New York  
      August 13, 2025

SO ORDERED.

_____  
**BARBARA MOSES**  
**United States Magistrate Judge**