UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EDWARD B. HUBBUCH,

        Plaintiff,

  -against-

MULLOOLY, JEFFREY, ROONEY & FLYNN LLP et al.,

        Defendant.

25-CV-5547 (JHR) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

Now before the Court is the motion of defendant Mullooly, Jeffrey, Rooney & Flynn LLP (MJRF) for sanctions against pro se plaintiff Edward B. Hubbuch. (Dkt. 54.) MJRF objects to a portion of Hubbuch's August 18, 2025 affirmation (Dkt. 37), originally submitted in opposition to MJRF's motion to vacate the entry of default against it, in which Hubbuch described (and, according to MJRF, mischaracterized) a July 22, 2025 conversation with an MJRF lawyer concerning the settlement of the state court debt collection lawsuit underlying the present federal action. On September 8, 2025, this Court vacated the default, without any discussion of the July 22 conversation – because it was wholly irrelevant to the vacatur motion. (Dkt. 50.) Nonetheless, MJRF now asks this Court to use its inherent powers to sanction Hubbuch for his "false allegations," first by imposing a monetary penalty on plaintiff and then by dismissing his complaint with prejudice. MJRF Mem. (Dkt. 55) at 3-4. MJRF attaches a declaration, signed by the lawyer involved in the July 22 conversation, in which he denies having made any improper statements. (Dkt. 55-2.)

The sanctions motion will be denied. First, the motion is in substance brought pursuant to Fed. R. Civ. P. 11(b)(3), in that MJRF seeks sanctions for allegedly false factual assertions made in a recent written submission to the Court. However, MJRF failed to comply with Fed. R. Civ. P. 11(c)(2), which requires the moving party to give the opposing party 21 days to withdraw or correct

the offending document before seeking sanctions. MJRF offers this Court no reason why it should be permitted to side-step that requirement. *See Chambers v. NASCO*, 501 U.S. 32, 56 (1991) (affirming imposition of inherent powers sanctions only after concluding that "the District Court's reliance on the inherent power did not represent an end run around the notice requirements of Rule 11"); *Macort v. Prem, Inc.*, 2005 WL 8153244, at *6 (M.D. Fla. Dec. 16, 2005) (recommending denial of defendant's motion for sanctions pursuant to 28 U.S.C. § 1927 because, *inter alia*, § 1927 is not "an available end run around the statutory prerequisites for seeking sanctions for a Rule 11 violation"), *adopted,* 2006 WL 8430041 (M.D. Fla. Apr. 13, 2006), *aff'd,* 208 F. App'x 781 (11th Cir. 2006).

Second, "[b]ecause of their very potency, inherent powers must be exercised with restraint and discretion," *Chambers*, 501 U.S. at 44, and only after finding that the party to be sanctioned has "engaged in bad-faith conduct or willful disobedience of a court's orders." *Id*. at 47; *see also Yukos Cap. S.A.R.L. v. Feldman*, 977 F.3d 216, 235 (2d Cir. 2020) ("[T]he Supreme Court has made clear that courts should impose sanctions pursuant to their inherent authority only in rare circumstances."). MJRF does not cite any authority for the proposition that the mischaracterization of a conversation in a pro se affirmation (which had no effect on the Court's decision-making process) presents the necessary "rare circumstances" for the imposition of inherent authority sanctions.

Third, "[t]he imposition of sanctions pursuant to a court's inherent authority is truly discretionary." *Yukos Cap.*, 977 F.3d at 235. "[T]he court is not required to sanction a party or attorney even if it has determined that some wrongdoing has occurred." *Id*. (quoting *Murray v. City of Columbus*, 534 F. App'x 479, 485 (6th Cir. 2013)). In exercising its discretion, moreover, a court should avoid, if possible, generating "satellite" litigation which serves only to increase the cost and delay the resolution of the parties' substantive disputes. *See*, *e.g*., *OS Recovery, Inc. v.*

2

*One Groupe Int'l, Inc.*, 2005 WL 354107, at *2 (S.D.N.Y. Feb. 15, 2005) (declining to use the court's inherent powers to sanction counsel for alleged ethical violations where "further complicating this already unduly complicated lawsuit by a satellite dispute over a charge of professional misconduct . . . would not serve the goal of resolving the parties' dispute"). Here, the Court could not resolve MJRF's sanctions motion on the merits without – at a minimum – holding an evidentiary hearing as to who said what (using what tone of voice) during a brief hallway conversation, in Kings County Civil Court, which is otherwise utterly irrelevant to this action. This Court, like the court in *OS Recovery*, "declines to go there." *Id*.

For these reasons, MJRF's sanctions motion (Dkt. 54) is DENIED.[1]

Dated: New York, New York
September 30, 2025

**SO ORDERED.**

_____
**BARBARA MOSES**
**United States Magistrate Judge**

---

[1] The Court does not condone Hubbuch's conduct in relying on the July 22 conversation in his August 18 affirmation. Even if he accurately characterized the exchange (a point on which this Court offers no opinion), it is clear that he included the episode in his briefing for the inappropriate purpose of prejudicing the Court against MJRF through evidence of alleged misconduct having no bearing on the vacatur motion (or any other then-pending motion). Moreover, plaintiff inappropriately revealed the substance of a confidential settlement negotiation. *See United States v. Glens Falls Newspapers, Inc.*, 160 F.3d 853, 858 (2d Cir. 1998) (approving sealing order to protect settlement negotiations); *Paravas v. Cerf*, 2022 WL 203168, at *2 (S.D.N.Y. Jan. 24, 2022) (cautioning pro se plaintiff that her public filings "must not publicly reveal the substance of the parties' ongoing settlement negotiations"); *Blackboard Inc. v. Int'l Bus. Machines Corp.*, 2021 WL 4776287, at *2 (S.D.N.Y. Oct. 12, 2021) (approving sealing of "confidential settlement discussions"). In the future, Hubbuch must confine his motion papers to matters relevant to the motion at hand, resist the temptation to engage in *ad hominem* attacks, and respect the confidentiality of settlement negotiations. Should he prove unable or unwilling to comply with these guidelines, sanctions will remain an option.