UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EDWARD B. HUBBUCH,

        Plaintiff,

-against-

MULLOOLY, JEFFREY, ROONEY & FLYNN LLP et al.,

        Defendant.

25-CV-5547 (JHR) (BCM)

**ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/10/25

**BARBARA MOSES, United States Magistrate Judge.**

After all three defendants moved to dismiss plaintiff's original complaint, but before their motions were fully briefed, plaintiff filed a first amended complaint – purportedly as of right – followed by a motion for leave to file a second amended complaint. For the reasons explained below, plaintiff's first amended complaint will be stricken. Additionally, defendants will be required to advise the Court, within one week, whether they consent to the amendment or intend to oppose the motion to amend. In either case, the pending motions to dismiss the original complaint will be denied as moot.

**Background**

On July 2, 2025, plaintiff Edward B. Hubbuch, proceeding pro se, filed a Complaint (Dkt. 1) alleging claims under the Fair Credit Reporting Act, the Fair Debt Collection Practices Act, and New York General Business Law § 349. On August 7, 2025, plaintiff obtained a Certificate of Default against defendant Mullooly, Jeffrey, Rooney & Flynn LLP (MJRF). (Dkt. 22.) August 8, 2025, defendants MJRF and Amy Gavlik moved pursuant to Fed. R. Civ. P. 12(b)(1) to dismiss the Complaint. (Dkt. 27.) On August 11, 2025, MJRF withdrew its motion to dismiss in light of the Certificate of Default. (Dkt. 31.) On September 9, 2025, after this Court vacated the Certificate of Default (Dkt. 50), MJRF again moved pursuant to Fed. R. Civ. P. 12(b)(1) to dismiss the Complaint. (Dkt. 52.) On September 25, 2025, defendant JP Morgan Chase Bank, N.A. (Chase)

moved pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the Complaint. (Dkt. 60.) Later that same day, plaintiff filed an opposition memorandum in which he advised the Court that if it found "any aspect of Plaintiff's current Complaint or this opposition insufficient to withstand Defendant CHASE BANK's Motion to Dismiss, Plaintiff intends to exercise his right to amend his Complaint." (Dkt. 62 ¶ 31.)

On October 3, 2025 – 56 days after Gavlik filed her motion to dismiss, 21 days after MJRF refiled its motion to dismiss, and 8 days after Chase filed its motion to dismiss – plaintiff filed a document entitled First Amended Complaint (FAC) (Dkt. 65), asserting the same three claims but including significantly expanded factual allegations and attaching a number of new exhibits. Then, on October 4, 2025, plaintiff filed a noticed motion, pursuant to Fed. R. Civ. P. 15(a)(2) (Mot. to Amend) (Dkt. 67), seeking leave to file a Second Amended Complaint (SAC) (Dkt. 68-1), which again asserts the same three claims, but includes what plaintiff characterizes as a new and "critical factual allegation," as well as a "key supporting exhibit" that was not attached to his previous pleadings. Mot. to Amend ¶ 1. Most recently, on October 9 and 10, 2025, all three defendants filed their reply briefs in support of their motions to dismiss the original Complaint. (Dkts. 69, 70.) The reply briefs do not discuss the substance of the proposed SAC.

## The First Amended Complaint is Stricken

Rule 15(a)(2) provides that a plaintiff may amend his complaint once as a matter of course within: "(A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is *earlier*." Fed. R. Civ. P. 15(a)(1) (emphasis added). Thereafter, the plaintiff may not amend without the written consent of the other parties or leave of the Court. Fed. R. Civ. P. 15(a)(2). Plaintiff apparently believed that he was entitled to file his FAC as of right because he did so less than 21 days after Chase filed its motion to dismiss.

2

However, as the Advisory Committee has explained, "[t]he 21-day periods to amend once as a matter of right after service of a responsive pleading or service of a designated motion are not cumulative." Fed. R. Civ. P. 15 adv. comm. note to 2009 amendments. Thus, the 21-day window opened on August 8, 2025, when defendant Gavlik filed her motion to dismiss, and closed on August 29. 2025. *See Williams v. Black Ent. Television, Inc.*, 2014 WL 585419, at *4 (E.D.N.Y. Feb. 14, 2014) (in multi-defendant case, plaintiff's time to amend as of right expired 21 days after filing of first motion to dismiss); *Brown v. W. Valley Envtl. Servs., LLC,* 2010 WL 3369604, at *9-10 (W.D.N.Y. Aug. 24, 2010) (in multi-defendant case, plaintiff's time to amend as of right expired 21 days after filing of first answer); *CVR Energy, Inc. v. Wachtell, Lipton, Rosen & Katz*, 2019 WL 8165893, at *4 (S.D.N.Y. Oct. 9, 2019) (Sullivan, J.) (21-day window expired 21 days after defendants moved to dismiss plaintiff's original complaint and did not reopen when they later moved to dismiss plaintiff's second amended complaint); *aff'd,* 830 F. App'x 330 (2d Cir. 2020).

If the FAC were plaintiff's only effort to strengthen his pleading, this Court could either strike it as improperly filed, *see*, *e.g.*, *Brown*, 2010 WL 3369604, at *10, or construe it as a motion for leave to amend and proceed accordingly. *See*, *e.g.*, *CVR Energy*, 2019 WL 8165893, at *4; *Williams*, 2014 WL 585419, at *4. However, plaintiff has now moved for leave to amend again, explaining that the proposed SAC includes a new factual allegation and supporting exhibit that "cure [a] pleading deficiency" in the FAC. (Mot. to Amend ¶ 2.) Since plaintiff himself has effectively abandoned both the original Complaint and the purported FAC in favor of the proposed SAC, the FAC will be stricken. Plaintiff's motion for leave to file the proposed SAC, however, remains live.

### Defendants May Either Consent to the Proposed Amendment or Oppose the Motion

Where, as here, a plaintiff moves for leave to amend his complaint while a motion to dismiss that complaint is pending, the district court "has a variety of ways in which it may deal

3

with the pending motion to dismiss, from denying the motion as moot to considering the merits of the motion in light of the [proposed] amended complaint." *Conforti v. Sunbelt Rentals, Inc.*, 201 F. Supp. 3d 278, 291 (E.D.N.Y. 2016) (quoting *Hamzik v. Office for People with Developmental Disabilities*, 859 F. Supp. 2d 265, 273-74 (N.D.N.Y. 2012), and collecting cases); *accord Env't Sols. Assocs. Grp., LLC v. Conopoco, Inc.*, 2021 WL 2075586, at *1 (S.D.N.Y. May 24, 2021). Alternatively, the Court may simply grant the motion to amend (which also moots the pending motions to dismiss), without prejudice to defendants' right to file fresh motions to dismiss aimed at the amended pleading. *See, e.g.*, *Env't Sols. Assocs. Grp.*, 2021 WL 2075586, at *2. When choosing among the permissible courses of action, the court should strive to "promote[] judicial economy" and "obviate[e] the need for multiple rounds of briefing addressing complaints that are legally insufficient." *Pettaway v. Nat'l Recovery Sols., LLC*, 955 F.3d 299, 303 (2d Cir. 2020).

In this case, although all three motions to dismiss are now fully briefed, defendants' briefs do not address whether the proposed SAC cures the defects that they identified in the original Complaint. It would be therefore unfair to the moving defendants if this Court were to consider the merits of their motions in light of the proposed SAC. Likewise, given the significantly expanded factual allegations in the proposed FAC (as compared to the original Complaint), it would be unfair for this Court to simply grant the motion for leave to amend without giving defendants an opportunity to review those allegations and – if they wish – make a futility argument. Consequently, defendants must advise the Court in writing, within one week from today, whether they consent to the filing of the proposed SAC (without prejudice to their right to file fresh motions to dismiss) or wish to oppose the amendment. *See e.g.*, *Mejia v. High Brew Coffee*, 2022 WL 10648815, at *1 (S.D.N.Y. Oct. 18, 2022). Defendants are reminded, when considering their election, that the standard for permitting what would effectively be a first amendment is liberal, particularly when the plaintiff is proceeding pro se. *See, e.g.*, *Elder v. McCarthy*, 967 F.3d 113,

4

132 (2d Cir. 2020) (noting that "a pro se complaint 'should not be dismissed without granting leave to amend at least once'") (quoting *Shomo v. City of New York*, 579 F.3d 176, 183-84 (2d Cir. 2009)).

If defendants consent to the amendment, the Court will deem the proposed SAC the operative pleading, and defendants will have 14 days from that date to file their answers or motions to dismiss the SAC. *See* Fed. R. Civ. P. 15(a)(3). If defendants wish to oppose the motion to amend, they will likewise have 14 days from the date on which they so notify the Court to file their briefs in opposition to the motion. Because either course of action will obviate the need to adjudicate the pending motions to dismiss the original Complaint, those motions will be denied as moot. *See Huber v. County of Erie*, 2021 WL 3635207, at *5 (W.D.N.Y. Aug. 17, 2021) (denying "[a]ll three motions to dismiss" as moot in light of plaintiff's "motion for leave to file an amended complaint").

## Conclusion

For the reasons discussed above, the purported First Amended Complaint at Dkt. 65 is hereby STRICKEN, and the motions at Dkts. 27, 52, and 60 are hereby DENIED as moot. Defendants must advise the Court in writing, no later than **October 17, 2025**, whether they consent to the filing of the proposed Second Amended Complaint at Dkt. 68-1 or wish to oppose plaintiff's motion for leave to file that pleading.

Dated: New York, New York
       October 10, 2025                              **SO ORDERED.**

                                                    _____
                                                    **BARBARA MOSES**
                                                    **United States Magistrate Judge**