UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDWARD B. HUBBUCH, | 25-CV-5547 (JHR) (BCM) |
| Plaintiff, | |
| -against- | **ORDER** |
| MULLOOLY, JEFFREY, ROONEY & FLYNN LLP et al., | |
| Defendant. | |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___10/20/25___

**BARBARA MOSES, United States Magistrate Judge.**

In August and September 2025, all three defendants moved to dismiss plaintiff's original Complaint. On October 4, 2025 – before defendants' motions were decided – plaintiff moved pursuant to Fed. R. Civ. P. 15(a)(2) for leave to amend his pleading (Dkt. 67), attaching a proposed Second Amended Complaint (SAC) (Dkt. 68-1). On October 10, 2025, I denied the pending motions to dismiss the original Complaint as moot and directed defendants to "advise the Court in writing, no later than **October 17, 2025**, whether they consent to the filing of the proposed Second Amended Complaint . . . or wish to oppose plaintiff's motion for leave to file that pleading." (Dkt. 71 at 5.)

Defendant JPMorgan Chase Bank, N.A. (Chase) advises that it does not oppose plaintiff's motion to amend, but intends to move to dismiss the SAC pursuant to Fed. R. Civ. P. 12(b)(6), "for largely the same reasons expressed in Chase's motion to dismiss the original Complaint." (Dkt. 72 at 1.) Defendants Mullooly, Jeffrey, Rooney & Flynn, LLP and Amy Gavlik (collectively the MJRF Defendants) advise that they "will not consent to the filing of the proposed SAC," because – they assert – plaintiff filed it principally in order to strengthen his Fair Credit Reporting Act (FCRA) claim, which runs only against Chase. MJRF Ltr. (Dkt. 73) at 1. The MJRF Defendants acknowledge, however, that the proposed SAC also contains additional factual allegations designed to withstand the MJRF Defendants' motions to dismiss the original Complaint, which

were made on the ground that plaintiff failed to plead an injury-in-fact, as required to show that he has Article III standing to sue them under the Fair Debt Collection Practices Act and state law. *See id*. at 1-2.[1]

"[T]here can only be one operative complaint" in an action at any one time. *Sullivan v. Xu*, 2024 WL 4043746, at *1 n.1 (E.D.N.Y. Sept. 4, 2024), *reconsideration denied*, 2024 WL 4836341 (E.D.N.Y. Nov. 20, 2024); *accord Cassava Scis., Inc. v. Heilbut*, 2024 WL 2941155, at *2 n.7 (S.D.N.Y. May 30, 2024), *adopted sub nom. Cassava Scis., Inc. v. Bredt*, 2024 WL 3345778 (S.D.N.Y. July 9, 2024); *Baines v. Pillai*, 2017 WL 1375168, at *2 (D. Conn. Apr. 10, 2017). Consequently, the Court cannot simultaneously honor defendants' inconsistent preferences.

In the interest of efficiency – and mindful that "a pro se complaint 'should not be dismissed without granting leave to amend at least once,'" *Elder v. McCarthy*, 967 F.3d 113, 132 (2d Cir. 2020) (quoting *Shomo v. City of New York*, 579 F.3d 176, 183-84 (2d Cir. 2009)) – plaintiff's motion for leave to amend (Dkt. 67) is hereby GRANTED, without prejudice to defendants' right to move to dismiss the SAC, and plaintiff's operative pleading is now the SAC at Dkt. 68-1. The Court has made no finding as to the sufficiency of the SAC.

No later than **October 24, 2025**, plaintiff must submit a redlined version of the SAC showing the differences between the Complaint and the SAC. *See* Local Civ. P. 15.1.[2] No later

---

[1] The MJRF Defendants also assert that these additional factual allegations are "false." MJRF Ltr. at 1-2. They may be. However, on a motion for leave to amend pursuant to Rule 15(a)(2) – as on a motion to dismiss pursuant to Rule 12(b)(6) – the Court must accept the plaintiff's well-pleaded factual allegations as true (except to the extent they are contradicted by his other allegations or by matters of which the Court can take judicial notice). *See*, *e.g*., *Crawford v. Recovery Partners*, 2014 WL 1695239, at *5 (S.D.N.Y. Apr. 28, 2014); *Russ v. Chavers*, 2011 WL 7063376, at *2 (E.D.N.Y. Dec. 14, 2011), *adopted*, 2012 WL 170007 (E.D.N.Y. Jan. 19, 2012).

[2] Rule 15.1, by its terms, does not apply to pro se plaintiffs. However, plaintiff Edward B. Hubbuch is an exceptionally prolific pro se plaintiff – having filed more than a dozen cases in local courts in 2025 alone, *see* MJRF Ltr. at 2-3 – and is clearly capable of complying with the Local Civil Rules as well as the Federal Rules of Civil Procedure. I will therefore require him to do so.

than **October 31, 2025**, defendants must answer or move against the SAC. The Clerk of Court is respectfully directed to close the motions at Dkts. 28, 53, and 67.

Dated:  New York, New York
        October 20, 2025                    **SO ORDERED.**

                                            _____
                                            **BARBARA MOSES**
                                            **United States Magistrate Judge**