EDWARD B. HUBBUCH

394 LINCOLN PLACE, APT. A5
BROOKLYN, N.Y. 11238
(646) 544-7597
bhubbuch@gmail.com

**ALL COUNSEL VIA ECF**

**LETTER-MOTION FOR LEAVE TO FILE AN OVERSIZED BRIEF AND FOR MORE TIME**

**MEMO ENDORSED (page 2)**

August 24, 2026

Hon. Jennifer H. Rearden
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, N.Y. 10007

**Re: *Hubbuch v. MJRF, et al.*, No. 25-CV-5547 (JHR)(BM)**

Dear Judge Rearden:

Plaintiff Edward B. Hubbuch, proceeding *pro se*, respectfully submits this Letter-Motion seeking leave to exceed the default 3,500-word limit set by S.D.N.Y. Local Civil Rules 6.3 and 72.1(a)(2) for his Objections to the Report & Recommendation dated July 31, 2026 (*Dkt. 94*) (the "R&R").

Plaintiff requests up to 5,000 words to ensure a meaningful opportunity to address the complex issues raised in the R&R. Plaintiff concurrently requests an additional one-week extension of time, from August 28, 2026, to September 4, 2026, to file his Objections.

Pursuant to Rule 4 of Your Honor's Individual Rules and Practices in Civil *Pro Se* Cases, Plaintiff provides the following information. The original filing deadline of August 14, 2026 was previously extended to August 28, 2026 upon Plaintiff's former counsel's request, which was granted. Plaintiff now respectfully requests a further extension to September 4, 2026. No prior request has been made regarding a word-count expansion. The reason for this requested modification is detailed extensively below. The requested modification will not alter or affect any other scheduled dates, appearances, or case-management deadlines before this Court.

Good cause exists under Fed. R. Civ. P. 6(b) for a concurrent extension of time and a modest word count expansion due to the multi-defendant architecture of this action, the withdrawal of Plaintiff's class-action counsel, and newly acquired baseline evidence that fundamentally reshapes the jurisdictional inquiry:

1. **<u>Introduction of Dispositive and Subpoenaed Backend Credit Data</u>:** Plaintiff will be introducing extensive and complicated new documentary evidence—comprehensive backend internal credit files from Equifax and Experian that were entirely unavailable during initial briefing. These data files log 31 separate third-party monitoring hits and three (3) explicit commercial funding denials that directly satisfy the Second Circuit's *Maddox* standing requirement. Proving that these files bridge the standing gap—and justifying their introduction at this procedural juncture—requires careful itemization of dates, commercial entities, and financing rates, which cannot safely be truncated further. Furthermore, Plaintiff must dedicate a portion of the word count related to this new evidence to explaining his good-faith reliance on the Court's January 27, 2026 Order (*Dkt. 91*), which explicitly instructed him to withhold evidentiary submissions during the Rule 12 stage;

2. **<u>Abrupt Withdrawal of Counsel Post-R&R</u>:** Following the close of briefing, federal class-action counsel filed a Notice of Appearance (*Dkt. 93*), but abruptly withdrew shortly after the R&R was issued at Plaintiff's request due to irreconcilable strategic differences (*Dkts. 95-96*). This withdrawal left Plaintiff to abruptly resume his *pro se* status, synthesize hundreds of pages of newly acquired technical discovery, and draft these complex objections entirely unassisted during the condensed objection window; *and*

3. ***<u>Pro Se</u>* <u>Status and the Need for Reasonable Fallback Time</u>:** Because this motion is being filed just days before the current August 28 deadline, Plaintiff cannot be certain of a ruling before the clock runs out. Granting a fallback extension to September 4 protects the unrepresented Plaintiff from a procedural trap where he must choose between filing a rushed, incomplete brief or missing his filing window entirely while waiting for a decision on the word count.

To ensure a fair and comprehensive *de novo* review under 28 U.S.C. § 636(b)(1), Plaintiff respectfully requests that the Court extend his filing deadline to September 4, 2026, and permit his objections to extend up to 5,000 words.

Respectfully submitted,
*<u>/s/**Edward B. Hubbuch**</u>*
Edward B. Hubbuch
Plaintiff, *pro se*

Application GRANTED. Plaintiff's deadline to object to the Report and Recommendation is extended to **September 4, 2026**. Any future extension requests must provide "whether the adversary consents, and, if not, the reason(s) given by the adversary for declining to consent." Individual Pro Se Rule 4. Plaintiff's objections may not exceed 5,000 words.

The Clerk of Court is directed to terminate ECF No. 102.

SO ORDERED.
Jennifer H. Rearden
Jennifer H. Rearden, U.S.D.J.
Dated: August 27, 2026