USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ________________
DATE FILED: 11/4/26

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EDWARD B. HUBBUCH,

Plaintiff,

-against-

MULLOOLY, JEFFREY, ROONEY & FLYNN LLP et al.,

Defendant.

25-CV-5547 (JHR) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

On July 31, 2026, this Court issued a Report and Recommendation (R&R) (Dkt. 94) to the Hon. Jennifer H. Rearden, United States District Judge, recommending that plaintiff's Second Amended Complaint (SAC) be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and that no leave to amend be granted. Pro se plaintiff Edward B. Hubbuch filed timely objections to the R&R (Dkt. 104), and defendants JPMorgan Chase Bank, N.A., and Mullooly, Jeffrey, Rooney & Flynn LLP (MJRF) filed timely responses to plaintiff's objections. Dkts. 107, 108. Thereafter, on September 27, 2026, plaintiff moved for leave to file a Third Amended Complaint (TAC), along with a supporting brief and declaration. Dkts. 109-111. On September 29, 2026 this Court issued an order staying further briefing on the motion for leave to file a TAC "until the District Judge has issued a decision on the pending motion to dismiss the SAC." Stay Order (Dkt. 112) at 1.

The next day, plaintiff filed a document entitled Notice of Supplemental Fact (Dkt. 113), attaching a July 29, 2026 pretrial ruling in *JPMorgan Chase Bank, N.A. v. Hubbuch*, Index No. CV-008994/25-KI (Kings Co. Civil Ct.) (*Chase v. Hubbuch*). Plaintiff explained that he was submitting the Notice "in connection with the Court's de novo review of the Report & Recommendation (Dkt. 94) and Plaintiff's objections thereto," and added that the state court ruling bore upon "the factual allegations of the Verified Third Amended Complaint submitted with Plaintiff’s pending motion for leave to amend." Dkt. 113 at 1, 2. On October 30, 2026, plaintiff

filed another Notice of Supplemental Fact (Dkt. 114), describing the October 27, 2026 trial testimony in *Chase v. Hubbuch*, based on "personal attendance and contemporaneous notes." *Id.* at 2. Plaintiff explained that this testimony "bears directly on factual allegations contained in Plaintiff's proposed Verified Third Amended Complaint (ECF 110-1), and in particular on Count One's allegations concerning the reasonableness of CHASE's reinvestigation under 15 U.S.C. § 1681s-2(b), and on Plaintiff's objections to the Report & Recommendation (ECF 104)." Dkt. 114 at 1-2.

On November 2, 2026, defendant MJRF moved to strike plaintiff's Notices of Supplemental Fact as violative of this Court's September 29, 2026 Stay Order. Dkt. 115. Plaintiff immediately opposed the motion, arguing that his Notices do not constitute "briefing," because they contain no argument, and that in any event they were submitted in connection with his objections to the R&R, not in further support of his motion for leave to file a TAC. Dkt. 116. Before the day was out, MJRF filed a reply letter, arguing that since plaintiff himself stated that the Notices bore on his proposed TAC, they were in fact filed in further support of his motion for leave to file that TAC and therefore violated the Stay Order. Dkt. 117.

MJRF's motion is GRANTED. To the extent plaintiff's Notices were filed in further support of his motion for leave to file a TAC, they violate the Stay Order. Plaintiff's hair-splitting distinction between "briefing" and "factual notices" finds no support in the caselaw. Moreover, even in the absence of the Stay Order, plaintiff's supplemental filings would be improper absent advance leave of the Court. *See Paravas v. Cerf*, 2022 WL 203168, at *2 (S.D.N.Y. Jan. 24, 2022) ("Litigation, including motion practice, is an ordered process. Local Civil Rule 6.1 provides for opening papers, opposition papers, and reply papers, in that order."); *accord Polidoro v. L. Firm of Jonathan D'Agostino, P.C.*, 2022 WL 20596709, at *4 (S.D.N.Y. May 19, 2022) (striking

various untimely supplemental filings in opposition to a summary judgment motion); *Waheed v. SM 1 MMS, LLC*, 2026 WL 1734630, at *2 (S.D.N.Y. June 16, 2026) ("Parties generally may not file multiple, piecemeal submissions without the Court's prior approval[.]"). To the extent plaintiff's Notices were filed in further support of his objections to the R&R, rather than in support of his motion for leave to file a TAC, they violate the "Federal and Local Rules governing objections to a magistrate judge's report and recommendation," which "do not provide a reply opportunity regarding such objections." *Bobcar Media, LLC v. Deutsche Telekom AG*, 2024 WL 474596, at *1 (S.D.N.Y. Feb. 7, 2024); *see also* Fed. R. Civ. P. 72(b); Local Civ. R. 72.1.

If plaintiff believes that the facts set forth in his Notices are relevant to his pending motion for leave to file a TAC, he may seek leave to file a supplemental submission in support of that motion *after* the Stay Order has expired. In the alternative, once the Stay Order has expired and defendants have submitted their papers in opposition to the motion for leave to file a TAC, plaintiff may include any relevant facts in his reply papers in further support of that motion. If he believes that the facts set forth in his Notices are relevant to his pending objections to this Court's R&R, he may seek leave from the District Judge to file what would be, in effect, reply papers in further support of those objections. He may not, however, "file multiple, piecemeal submissions without the Court's prior approval." *Waheed*, 2026 WL 1734630, at *2.

The Clerk of Court is respectfully directed to strike the filings at Dkts. 113 and 114, and to close the motion at Dkt. 115.

Dated: New York, New York
November 4, 2026

**SO ORDERED.**

**BARBARA MOSES**
**United States Magistrate Judge**